Matthew R. Mendelsohn, Esq. (Attorney ID No.: 015582005)
Adam M. Epstein, Esq. (Attorney ID No.:  027482010)
Cory J. Rothbort, Esq. (Attorney ID No.: 065002013)
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUI FONSECA and INDIRA ALONZO,<br><br>Plaintiff,<br><br>vs.<br><br>GOALSETTER SYSTEMS, INC.; ESCALADE, INC.; INDIAN INDUSTRIES, INC.; JOHN AND JANE DOES 1-20 and ABC CORPS. 1-20,<br><br>Defendants. | CIVIL ACTION NO.: 2:22-CV-02684 |

Plaintiffs, Rui Fonseca and Indira Alonzo, residing in Clifton, County of Passaic, State of New Jersey, by way of Complaint against the defendants, upon information and belief, alleges and says:

### FACTS AND PARTIES COMMON TO ALL COUNTS

1. At all times relevant herein, defendant Goalsetter Systems, Inc. ("Goalsetter") was and is a duly formed corporation doing business in the State of New Jersey, incorporated in the State of Indiana, and its principal place of business located at 817 Maxwell Avenue, Evansville, Indiana.

2. At all times relevant herein, defendant Escalade, Inc. ("Escalade") was and is a duly formed corporation doing business in the State of New Jersey, incorporated in the State of Indiana, and its principal place of business located at 817 Maxwell Avenue, Evansville, Indiana.

3. At all times relevant herein, defendant Indian Industries, Inc. ("Indian") was and is a duly formed corporation doing business in the State of New Jersey, incorporated in the State of Indiana, and its principal place of business located at 817 Maxwell Avenue, Evansville, Indiana.

4. Defendants John and Jane Does 1-20 and ABC Corporations 1-20 are fictitious individuals or entities liable and responsible for the plaintiffs' damages, who have not yet been identified.

5. At all relevant times, including on and prior to July 30, 2020, Plaintiffs Rui Fonseca and Indira Alonzo had an Extreme Series Goal System Basketball Goal (the "basketball goal") installed in the backyard of their home located at 35 East Madison Avenue, Apartment 2, Clifton, Passaic County, New Jersey.

6. On or about July 30, 2020, while Plaintiff Rui Fonseca was using the basketball goal at his home located at 35 East Madison Avenue, Apartment 2, Clifton, Passaic County, New Jersey, the glass of the basketball goal shattered causing Plaintiff Rui Fonseca to suffer severe and permanent injuries, pain and suffering, disability, impairment, loss of enjoyment of life, and economic damages.

**JURISDICTION**

7. This Court has jurisdiction pursuant to Title 28 of the United States Code, Section 1332.

8. The matter in controversy herein involves an amount in excess of $75,000 (Seventy-Five Thousand Dollars) exclusive of interest and involves citizens of different states.

9. Venue is properly laid in the United States District Court of the District of New Jersey pursuant to Title 28 United States Code Section 1391(b) in that all of the acts complained of herein occurred in the district.

## COUNT I

## PRODUCT LIABILITY ACT – DEFECTIVE MANUFACTURE AND DESIGN
## (N.J.S.A. 2A:58C-1, et seq.)

10. The allegations set forth in the preceding and succeeding paragraphs are incorporated in this Count by reference.

11. Plaintiff brings this action pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, *et seq.* ("PLA").

12. Defendants Goalsetter, Escalade, Indian, John and Jane Does 1-20 and/or ABC Corporations 1-20 (collectively "the Defendants") are deemed a manufacturer/seller under the PLA.

13. At all relevant times, Defendants were under a duty to exercise reasonable care in the refurbishment, repair, advertising, marketing, distribution and/or sale of the basketball goal that was reasonably fit, suitable and safe for its intended or reasonably foreseeable uses

14. Defendants breached their duty to exercise reasonable care by, *inter alia*:

    a. representing to Plaintiff Rui Fonseca that the basketball goal was safe, suitable and effective for its intended use as a basketball goal system intended for recreational use;

    b. representing to plaintiff Rui Fonseca that the basketball goal would be its

        "best" product, that it would be "ready to use" and in good working condition;

    c.  selling a basketball goal that posed an unreasonable risk of harm to users, including plaintiff Rui Fonseca; and

    d.  selling a basketball goal that was not fit and safe for its intended and/or foreseeable use.

15. At all relevant times, Plaintiff was and is a reasonably foreseeable user of the basketball goal.

16. At the time Plaintiff Rui Fonseca sustained injuries, he was using the basketball goal properly, for its intended and foreseeable purposes, and the product had not been substantially altered since it left Defendant(s)' control.

17. It was reasonably foreseeable to Defendants that Plaintiff Rui Fonseca would use the basketball goal for the purposes for which it was marketed and would, as a result, suffer injuries.

18. As a direct and proximate result of Defendants' failure to exercise reasonable care and breaches of its duties, Plaintiff Rui Fonseca sustained injuries, including but not limited to, bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical treatment, loss of income, and medical expenses.

19. Defendants are therefore strictly liable in tort pursuant to the PLA.

20. WHEREFORE, Plaintiff Rui Fonseca demands judgment against the defendants Goalsetter Systems, Inc.; Escalade, Inc.; Indian Industries, Inc.; John and Jane Does 1-20; and ABC Corporations 1-20 for compensatory damages, attorney's fees, interest, costs and such other relief as this Court deems appropriate equitable and just.

## COUNT II

## PRODUCT LIABILITY ACT – DESIGN DEFECT
### (N.J.S.A. 2A:58C-1, et seq.)

21. The allegations set forth in the preceding paragraphs are incorporated in this Count by reference.

22. The design of the basketball goal was defective and unreasonably dangerous, causing the glass of the basketball goal to shatter during use.

23. The structure, configuration, and material, separately and together, rendered the basketball goal not reasonably fit, suitable, or safe for its intended purpose.

24. The risks and dangers of the basketball goal outweighed the benefits, and rendered the products, as designed, unreasonably dangerous.

25. Safer alternative designs of the basketball goal were available which did not have an unreasonable risk of harm as with the basketball goal.

26. The basketball goal product did not perform as an ordinary consumer would expect.

27. As a direct and proximate result of Defendants' failure to exercise reasonable care and breaches of its duties, Plaintiff Rui Fonseca sustained injuries, including but not limited to, bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical treatment, loss of income, and medical expenses.

28. Defendants are therefore strictly liable in tort pursuant to the PLA.

29. WHEREFORE, Plaintiff Rui Fonseca demands judgment against the defendants Goalsetter Systems, Inc.; Escalade, Inc.; Indian Industries, Inc.; John and Jane Does 1-20; and ABC Corporations 1-20 for compensatory damages, attorney's fees, interest, costs and such other relief as this Court deems appropriate equitable and just.

## COUNT III

## PRODUCT LIABILITY ACT – FAILURE TO WARN
### (N.J.S.A. 2A:58C-1, et seq.)

30. The allegations set forth in the preceding paragraphs are incorporated in this Count by reference.

31. Defendants failed to properly and adequately warn and instruct Plaintiff Rui Fonseca of the dangerous and defective characteristics of the basketball goal, including, *inter alia*:

   a. that the basketball goal was not safe, suitable and effective for its intended use as a basketball goal system intended for recreational use;

   b. that the basketball goal posed an unreasonable risk of harm to users, including Plaintiff Rui Fonseca;

   c. that the basketball goal was not fit and safe for its intended and/or foreseeable use; and

   d. that using the basketball goal in the condition in which it was sold could cause serious injury and possible death.

32. As a direct and proximate result of Defendants' negligent failure to warn, Plaintiff Rui Fonseca sustained injuries, including but not limited to, bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, medical treatment, loss of income, and medical expenses.

33. Defendants are therefore strictly liable in tort pursuant to the PLA.

34. WHEREFORE, Plaintiff Rui Fonseca demands judgment against the defendants Goalsetter Systems, Inc.; Escalade, Inc.; Indian Industries, Inc.; John and Jane Does 1-20; and ABC Corporations 1-20 for compensatory damages, attorney's fees, interest, costs and such other relief as this Court deems appropriate equitable and just.

## COUNT IV

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

35. The allegations set forth in the preceding paragraphs are incorporated in this Count by reference.

36. At all relevant times, Defendants were a merchant in the business of selling basketball goal systems such as the Extreme Series Goal System Basketball Goal.

37. The basketball goal sold by Defendants that was in Plaintiff Rui Fonseca's possession was not "merchantable" at the time of sale.

38. The defect in question was not discoverable by Plaintiff Rui Fonseca until after purchase and use of the product.

39. As a direct and proximate result of the breach of said warranties, Plaintiff Rui Fonseca was injured, and is entitled to damages.

40. WHEREFORE, Plaintiff Rui Fonseca demands judgment against the defendants Goalsetter Systems, Inc.; Escalade, Inc.; Indian Industries, Inc.; John and Jane Does 1-20; and ABC Corporations 1-20 for compensatory damages, attorney's fees, interest, costs and such other relief as this Court deems appropriate equitable and just.

## COUNT V

## BREACH OF EXPRESS WARRANTY

41. The allegations set forth in the preceding paragraphs are incorporated in this Count by reference.

42. At all relevant times, Defendants made express warranties to Plaintiff Rui Fonseca, *inter alia*, that the basketball goal was of high quality and, at a minimum, would actually work properly.

43. Defendants breached this warranty by selling the basketball goal, which was not of high quality and which was defective and failing to warn Plaintiff Rui Fonseca of the known defects.

44. As a direct and proximate result of the breach of said warranties, Plaintiff Rui Fonseca was injured, and is entitled to damages.

45. WHEREFORE, Plaintiff Rui Fonseca demands judgment against the defendants Goalsetter Systems, Inc.; Escalade, Inc.; Indian Industries, Inc.; John and Jane Does 1-20; and ABC Corporations 1-20 for compensatory damages, attorney's fees, interest, costs and such other relief as this Court deems appropriate equitable and just.

## COUNT VI

## VICARIOUS LIABILITY

46. The allegations set forth in the preceding paragraphs are incorporated in this Count by reference.

47. At all relevant times, Defendants Goalsetter, Escalade, Indian, John and Jane Does 1-20 and/or ABC Corporations 1-20 were employees, agents, and/or servants of Defendants Goalsetter, Escalade, Indian, John and Jane Does 1-20 and/or ABC Corporations 1-20. Therefore, Defendants Goalsetter, Escalade, Indian, John and Jane Does 1-20 and/or ABC Corporations 1-20 are liable for the wrongful acts of Defendants Goalsetter, Escalade, Indian, John and Jane Does 1-20 and/or ABC Corporations 1-20 pursuant to the doctrines of Respondeat Superior, agency and/or apparent authority.

48. WHEREFORE, Plaintiff Rui Fonseca demands judgment against the defendants Goalsetter Systems, Inc.; Escalade, Inc.; Indian Industries, Inc.; John and Jane Does 1-20; and ABC Corporations 1-20 for compensatory damages, attorney's fees, interest, costs and such

other relief as this Court deems appropriate equitable and just.

## COUNT VII

## LOSS OF CONSORTIUM

49. The allegations set forth in the preceding paragraphs are incorporated in this Count by reference.

50. At relevant times, Plaintiff Indira Alonzo was the lawfully wedded wife of Rui Fonseca and remains so to date, and as such was and is entitled to his consortium, companionship and society.

51. As a further result of the actions and/or omissions of Defendants, Plaintiff Indira Alonzo was deprived, and in the future will be deprived, of the services, society and consortium of her husband.

52. WHEREFORE, Plaintiff Indira Alonzo demands judgment against the defendants Goalsetter Systems, Inc.; Escalade, Inc.; Indian Industries, Inc.; John and Jane Does 1-20; and ABC Corporations 1-20 for compensatory damages, attorney's fees, interest, costs and such other relief as this Court deems appropriate equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Matthew R. Mendelsohn, Esq. is hereby designated as trial counsel in the above captioned matter.

**PRESERVATION NOTICE**

Notice is hereby provided that Defendants must preserve any and all potential evidence, including but not limited to all contracts between the parties and any of their agents and/or representatives; all communications, including electronic communications (i.e. emails, text messages, etC.) between the parties and any of their agents and/or representatives, including but not limited to those communications regarding the Extreme Series Goal System Basketball Goal; all complaints received regarding the Extreme Series Goal System Basketball Goal; and all information and documentation regarding the Extreme Series Goal System Basketball Goal. Failure to preserve such evidence may result in spoliation charges and sanctions.

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

I have been retained to represent plaintiffs Rui Fonseca and Indira Alondzo in connection with the within matter. I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration or administrative proceeding. There are no other parties of whom I am presently aware who should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment

> MAZIE SLATER KATZ & FREEMAN, LLC
> Attorneys for Plaintiffs
>
> BY: _____
> CORY J. ROTHBORT

Dated:   May 7, 2022